UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MONICA JEFFRIES, | * | |
| Plaintiff | * | |
| v. | * | Civil Case No. 8:22-cv-00526-AAQ |
| MARYLAND DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT, et al. | * | |
| | * | |
| Defendant | * | |

**MEMORANDUM OPINION AND ORDER**

This is a case involving the denial of emergency rental assistance made available under the Coronavirus Economic Stabilization Act, 15 U.S.C. § 9001, *et seq*.  On October 23, 2023, this Court issued a Memorandum Opinion and Order dismissing the Maryland Department of Housing and Community Development from this case.  ECF No. 55.  Pending before the Court is Plaintiff Monica Jeffries's Motion to Alter or Amend Judgment.  ECF No. 60.  The Motion has been fully briefed, and the Court finds that a hearing is not necessary under this Court's Local Rules.  *See* Loc. R. 105.6 (D. Md. 2016).  For the reasons discussed below, Ms. Jeffries's Motion to Alter or Amend Judgment is denied.

**BACKGROUND**

During the COVID-19 Pandemic, Congress appropriated funds for states and local governments to operate rental assistance programs.  *See* Grant A. Driessen, Maggie McCarty & Libby Perl, Cong. Rsch. Serv., R46688, *Pandemic Relief: The Emergency Rental Assistance Program* 1–2 (2023).  Plaintiff Monica Jeffries alleges that she applied for rental assistance through such a program, but that the emergency rental assistance program ("ERAP") administrator

1

erroneously denied her application, ultimately leading to Ms. Jeffries's eviction and eventual homelessness.  ECF No. 1.

On March 4, 2022, Ms. Jeffries filed a Complaint in this Court against the Maryland Department of Housing and Community Development ("the Maryland Department"), ECF No. 1, at 1, and the Consumer Financial Protection Bureau ("CFPB"), ECF No. 1-3, at 1, based on the denial of her application for ERAP assistance.  On June 28, 2022, Ms. Jeffries filed a supplement to her Complaint, naming the Prince George's County Department of Housing and Community Development ("Price George's County") as a defendant.  ECF No. 4, at 1.  The supplement included a document from her initial Complaint as well as several additional documents detailing her experiences applying for ERAP assistance from Prince Georges County.  *Id.* at 10.  Ms. Jeffries's initial Complaint and Supplement constitute her Amended Complaint.  ECF No. 21.  On July 21, 2022, the Court dismissed Ms. Jeffries's claims against the CFPB without prejudice.  ECF No. 7.  In April 2023, both Prince George's County and the Maryland Department filed Motions to Dismiss Ms. Jeffries's Amended Complaint.  ECF Nos. 44, 46.  The Maryland Department argued, among other points, that Ms. Jeffries failed to state a claim against it because her Amended Complaint lacked allegations specifically implicating the Maryland Department in the denial of Ms. Jeffries's application for ERAP assistance.  ECF No. 46-1, at 4.  Rather, the Maryland Department argued that Ms. Jeffries's allegations evidenced that she applied for assistance through the Prince George's County ERAP.  *Id.* at 4–5.  Ms. Jeffries opposed the Maryland Department's argument by asserting that she had in fact applied for ERAP assistance through both Prince George's County and the Maryland Department.  ECF No. 51, at 1.  On October 23, 2023, the Court issued an Order denying Prince George's County's Motion to Dismiss and granting the Maryland Department's Motion to Dismiss.  ECF No. 55.  In granting the Maryland Department's

Motion and dismissing Ms. Jeffries's claims against the Maryland Department pursuant to Federal

Rule of Civil Procedure 12(b)(6), the Court explained that Ms. Jeffries's Complaint lacked

allegations evidencing the Maryland Department's involvement in the denial of Ms. Jeffries's

application for ERAP assistance.  *Id.* at 10.

On November 20, 2023, Ms. Jeffries filed a Motion to Alter or Amend Judgment, asking

this Court to amend the portion of its October 23, 2023 Order that dismissed Ms. Jeffries's claims

against the Maryland Department.  ECF No. 60.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) "authorizes a district court to alter, amend, or vacate

a prior judgment . . . ."  *Almy v. Sebelius*, 749 F. Supp. 2d 315, 337 (D. Md. 2010).  Parties must

file Rule 59(e) motions within twenty-eight days of a final judgment.  Fed. R. Civ. P. Rule 59(e).

While Rule 59(e) does not provide a standard by which district courts should evaluate such

motions, the Fourth Circuit recognizes three situations in which Rule 59(e) motions can be

successful: "(1) to accommodate an intervening change in controlling law; (2) to account for new

evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."

*Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (quoting *Ingle v. Yelton*, 439 F.3d 191, 197

(4th Cir. 2006)).  Additionally, the Court of Appeals for the Fourth Circuit has articulated that Rule

59(e) may also be used to "correct manifest errors of . . . fact upon which the judgment is based."

*Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996) (alteration in original).  Rule 59(e) "may not be

used to relitigate old matters, or to raise arguments or present evidence that could have been raised

prior to the entry of judgment."  *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th

Cir. 1998) (quoting 11 Wright et al., *Federal Practice and Procedure* § 2810.1, at 127-28 (2d ed.

1995)).  "[R]econsideration of a judgment after its entry is an extraordinary remedy which should

be used sparingly." *Id.* (quoting Wright et al. § 2810.1, at 124). "[M]ere disagreement" with the court's ruling does not support a motion to alter or amend the judgment. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).

## ANALYSIS

Ms. Jeffries filed a timely Rule 59(e) Motion asserting that the Court should reconsider its October 23, 2023 Order because the Court incorrectly dismissed her claims against the Maryland Department. ECF No. 60, at 1. Ms. Jeffries's Motion does not identify a change in controlling law, nor does it account for any new evidence not available when the Court decided the Maryland Department's Motion to Dismiss. *See Bly v. Circuit Court for Howard Cnty., MD*, No. 18-cv-1333-JMC, 2019 WL 6528608, at \*4 (D. Md. Dec. 4, 2019) ("here, in fact there was no trial but there was a filed dispositive motion"). Rather, Ms. Jeffries argues that "the Court['s] decision was based on a clear error of fact and [/] or unintentional omission . . . ." ECF No. 60, at 1.

"Clear error or manifest injustice occurs where a court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . .'" *Wagner v. Warden*, No. ELH-14-791, 2016 WL 1169937, at \*3 (D. Md. Mar. 24, 2016) (quoting *King v. McFadden*, No. 14-cv-91-JMC, 2015 WL 4937292, at \*2 (D.S.C. Aug. 18, 2015)). To justify altering or amending a judgment on this basis, "the prior judgment cannot be 'just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *Fontell v. Hassett*, 891 F. Supp. 2d 739, 741 (D. Md. 2012) (alterations in original) (quoting *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009)). Where a party merely resurrects arguments that it already made and which the court has already considered, altering or amending the judgment is not appropriate. *See Klicos Painting Co., Inc. v. Saffo Contractors, Inc.*, No. RDB-15-2505, 2018 WL

1786968, at *2 (D. Md. Apr. 13, 2018) ("A Rule 59(e) motion must be denied where it merely urges the court to 'change its mind'") (quoting *Medlock v. Rumsfeld*, 336 F. Supp. 2d 452, 470 (D. Md. 2001)); *Morris v. Levene*, No. RDB-19-1351, 2020 WL 707193, at *3 (D. Md. Feb. 12, 2020) (denying Rule 59(e) motion where the court had "already considered and rejected Plaintiff's argument" in a prior order); *Bly*, 2019 WL 6528608, at *4 (denying Rule 59(e) motion, because the plaintiff "in large part repeat[ed] his previous arguments, which were already decided" by the court).

Ms. Jeffries's Motion resurrects an argument that she made in opposing the Maryland Department's Motion to Dismiss.  Ms. Jeffries argues that the Court erred in dismissing her claims against the Maryland Department because, in addition to her application for ERAP assistance from Prince George's County, she also applied for ERAP assistance from the Maryland Department. ECF No. 60, at 2, 6 (stating that after applying for assistance through the Prince George's County ERAP, "sometime later plaintiff filed another application for rental assistance through the state of Maryland," and that her Amended Complaint "makes it very clear that her application was through the Maryland Department of Housing and Community Development ERAP").  However, this Court already considered, and rejected, Ms. Jeffries's argument when it granted the Maryland Department's Motion to Dismiss.  *See* ECF No. 51, at 1 (Ms. Jeffries's Opposition to the Maryland Department's Motion to Dismiss, which states that she applied for assistance from both defendants).  After consideration of Ms. Jeffries's argument and after reviewing Ms. Jeffries's Amended Complaint, the Court concluded that Ms. Jeffries's allegations evidenced only interactions with Prince George's County. ECF No. 55, at 10.  The ruling remains correct.  For example, Plaintiff's first Complaint includes an attachment requesting reconsideration of the denial of her request for assistance from the Prince George's County Emergency Rental Assistance

Program.   ECF No. 1-4.   Likewise, Plaintiff's supplement to the Complaint explicitly states:

"Plaintiff has filed this matter against the Emergency Rental Assistance Agency (HUD/Prince

George's County)."   ECF No. 4, at 2; *see also id.* ("Plaintiff did in fact submit two memorandums,

addressed to the County, seeking reconsideration of her ERAP application[.]"); *id.* at 3 ("The

County is also required to respond to an applicant[']s request for reconsideration of denial of an

application.").   The Amended Complaint includes no specific allegations that Plaintiff applied

directly to the Maryland Department of Housing and Community Development.   To the extent that

the Amended Complaint discusses the Maryland Department, it does so only to make the points

that: 1) Prince George's County was subject to state issued guidelines which it allegedly did not

follow, *id.* at 13; and 2) the Maryland Office of Administrative Hearings had jurisdiction to hear

the appeal of denial of her request for assistance.   Plaintiff's Motion fails to cite any portion of her

pleadings to the contrary.   In essence, Ms. Jeffries' Rule 59(e) Motion "merely urges the [C]ourt

to 'change its mind.'"   *Klicos Painting Co., Inc.*, 2018 WL 1786968, at *2 (quoting *Medlock*, 336

F. Supp. 2d at 470).

This case is similar to *Mills v. Hassan*, No. GLR-18-562, 2019 WL 7049567, at *3–4 (D.

Md. Dec. 23, 2019), in which this Court denied a plaintiff's Rule 59(e) Motion to reconsider its

granting of the defendant's motion to dismiss.   There, the plaintiff asserted new facts, first, in

opposition to the defendant's motion to dismiss and, later, to support his own Rule 59(e) motion.

*Id.*   The court rejected the plaintiff's argument because it relied on a new version of events, which

he had never alleged prior to filing his opposition to the motion to dismiss in that case.   *Id.* at 4.

The court explained that "a plaintiff may not amend his complaint through responsive pleadings"

and, "having failed to allege [the] facts in his Complaint or through an amended complaint," the

plaintiff could not "claim that those facts entitle him to relief under Rule 59(e)."   *Id.* (citing *Hurst*

*v. District of Columbia*, 681 Fed. App'x 186, 194 (4th Cir. 2017); *Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001)).  Similarly here, Ms. Jeffries first asserted that she applied for ERAP assistance through two separate programs – one state and one local – in her Opposition to the Maryland Department's Motion to Dismiss.  ECF No. 51, at 1.  She repeats this version of events in her Rule 59(e) Motion. ECF No. 60, at 2, 6.  This is insufficient to amend the allegations in her Amended Complaint, which, as noted, implicate only the Prince George's County ERAP.  Like the plaintiff in *Mills*, Ms. Jeffries may not now use new assertions of fact to seek relief under Rule 59(e).  Accordingly, the Court cannot grant Ms. Jeffries's Motion to Alter or Amend Judgment.

## CONCLUSION

For the foregoing reasons, Ms. Jeffries's Motion to Alter or Amend Judgment is DENIED.

So ordered.

Date: March 12, 2024                                        _____/s/_____
                                                            Ajmel A. Quereshi
                                                            U.S. Magistrate Judge

7